IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:25-CR-00108-JCB |
| vs. | § § § § | |
| JESSE LEWIS, IV (1) | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On January 20, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Jim Noble. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Theft of Firearms From a Federal Firearms Licensee, a Class C felony, Jesse Lewis, IV was sentenced on October 8, 2020, by United States District Judge James Wesley Hendrix, Northern District of Texas. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. The Court sentenced Defendant to imprisonment for a term of 48 months, followed by a 3-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include abstaining from alcohol and all other intoxicants and participating in a drug abuse treatment program.

1

Defendant completed his term of imprisonment and started his term of supervised release on December 8, 2023. Jurisdiction of the case was transferred to this district on October 8, 2025 and the case was assigned to United States District Judge J. Campbell Barker.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on October 20, 2025, United States Probation Officer Satori Barnes alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on September 20, 2025 for reportedly committing the offense of Assault Causes Bodily Injury, a Class A misdemeanor, as documented by the Longview Police Department's offense report number 25-12667. According to the offense report, the Longview Police Department responded to a family violence call located near 105 N. Spur 63, Longview, Texas. The caller reported a female was running from a male, and he was hitting her. When law enforcement arrived on scene, Defendant was observed grabbing the female and placing her between the police officer and himself. Defendant was instructed to let go of the female and get on the ground, which he complied. Further observation of the female revealed a fresh bruise, swelling and redness on the right side of her face. Defendant was arrested and booked in the Gregg County Jail.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Assault Causes Bodily Injury, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 3 to 9 months.

### *Hearing*

On January 20, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 3 months, with no further term of supervised release. The Government and Defendant are in agreement that Defendant's time in custody solely on the federal warrant arising out of this petition started on December 20, 2025. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to USP Terre Haute.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 3 months, with no further term of supervised release. Through an individualized assessment, I determined that no new term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 3 months, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to USP Terre Haute.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 3 months, with no further term of supervised release.

So ORDERED and SIGNED this 20th day of January, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE